# Rigg, Appellant, v. Blackburn.

*Contract—Boarding and nursing—Guaranty—Nonsuit.*

In an action to recover for boarding, nursing, caring and washing for the defendant, a nonsuit is properly entered where the evidence shows that the services were rendered at the instance and request of defendant's son, and that at the most the defendant had merely guaranteed the payment by her son, from whom no attempt had been made to recover.

Argued Nov. 20, 1912. Appeal, No. 224, Oct. T., 1912, by plaintiff, from order of C. P. Chester Co., April T., 1911, No. 61, refusing to take off nonsuit in case of Anna

M. Rigg v. Amanda Blackburn.   Before Rice, P. J.,
Henderson, Morrison, Orlady, Head and Porter,
JJ.   Affirmed.

Assumpsit for boarding, nursing and washing.   Before
Hemphill, P. J.

At the trial the court entered a compulsory nonsuit
which it subsequently refused to take off.

*Error assigned* was the order of the court.

*W. S. Harris*, for appellant.

*A. M. Holding*, for appellee.

Opinion by Orlady, J., April 21, 1913:

The plaintiff brought suit to recover for boarding,
nursing, caring and washing for the defendant, and for
some additional meals furnished to other parties at the
alleged instance and request of the defendant's son.

She failed totally in her proof, to establish any con-
tract relation between herself and the defendant, and
clearly showed by her own testimony that the contract
on which she relied was made with another, who had
personally agreed to pay for such service as was rendered,
and that it was on the faith of that contract and promise
that the boarding and services were furnished.

Taking it in its most favorable light, that the defendant
guaranteed the payment of what was promised to be paid
by her son, the action of the court below in entering a
nonsuit was free from error, because there was no evidence
that any attempt had been made to recover from the
principal.

The assignment of error is overruled and the judgment
is affirmed.